IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JERMAINE BELL, | * | |
| Petitioner, | * | |
| v. | * | Civ. Action No. RDB-19-1177<br>Crim. Action No. RDB-06-0179 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

The *pro se* Petitioner Jermaine Bell ("Petitioner" or "Bell") pled guilty before this Court to one count of possession of a firearm in furtherance of a drug-trafficking crime resulting in death, in violation of 18 U.S.C. §§ 924(c) and 924(j). (Plea Agreement, ECF No. 200.) This Court sentenced Petitioner to 360 months of imprisonment, ECF No. 247, consistent with his agreement with the Government to a sentencing range of 312 to 396 months, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. Petitioner's conviction was affirmed on appeal to the United States Court of Appeals for the Fourth Circuit on January 4, 2010. *See United States v. Bell*, 359 Fed. App'x 442, 2010 WL 23165 (4th Cir. 2010). Currently pending before this Court are Petitioner's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (ECF No. 419) and Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 487). The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons set forth below, Petitioner's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (ECF No.

419) is DENIED and Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 487) is DENIED.

## BACKGROUND

The facts of this case are set forth in the Petitioner's plea agreement. (Plea Agreement Attach. A, ECF No. 200.)  From in or about 1996 through at least December 2001, Petitioner Bell was the leader of a narcotics-trafficking organization which operated principally in the vicinity of Reisterstown Road and Gwynn Falls Parkway, in Baltimore City.  The organization distributed heroin at multiple street-level shops.  During 2001, Bell became involved in a drug turf dispute with a rival drug organization.  As part of that dispute, Bell issued contracts for murders of several rival drug associates and offered $25,000 for the murder of Angelo Stringfellow.  On June 26, 2001, in response to Bell's orders, five of Bell's associates searched for Stringfellow to kill him.  Two of Bell's associates shot Stringfellow as he sat in a car parked in the 600 block of West Lexington Street.  A female was also shot and wounded while standing outside Stringfellow's vehicle.  Stringfellow died several hours later from multiple gunshot wounds to the head and torso.

In February 2008, Bell was indicted on a number of charges, including three counts of possession of a firearm in furtherance of a drug trafficking crime resulting in death.  (Fourth Superseding Indictment, ECF No. 146.)  On August 27, 2008, Bell pled guilty to one count of possession of a firearm in furtherance of a drug-trafficking crime resulting in death, in violation of 18 U.S.C. §§ 924(c) and 924(j).  (*Id.*)  This Court sentenced Bell to 360 months of imprisonment, with three years of supervised release.  (Judgment, ECF No. 247.)  After his conviction, Bell appealed his sentence to the United States Court of Appeals for the Fourth

Circuit, which affirmed this Court's judgment on January 4, 2010. *United States v. Bell*, 359 Fed. App'x 442, 2010 WL 23165 (4th Cir. 2010). Bell then filed a Petition for Writ of Certiorari to the United States Supreme Court, which was denied on May 3, 2010. *Bell v. United States*, 130 S. Ct. 2423 (2010). On April 26, 2011, Bell filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, asserting that he received ineffective assistance of counsel and that his guilty plea was involuntary due to a *Brady* violation by the Government. (ECF No. 337.) On June 11, 2012, this Court denied Bell's § 2255 Motion, finding that Bell's ineffective assistance of counsel claims and *Brady* violation claim lacked merit. (ECF No. 395.)

On November 17, 2014 Petitioner filed the pending Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(2), seeking relief under Amendment 782 of the United States Sentencing Guidelines. (ECF No. 419.) On February 2, 2015, this Court denied Bell's Motion for Reconsideration of its denial of his § 2255 petition. (ECF No. 424.) On April 22, 2019, Petitioner filed the pending Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, asserting that his conviction is no longer valid in light of the Supreme Court's decisions in *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). (ECF No. 487.)

**STANDARD OF REVIEW**

This Court recognizes that Petitioner is *pro se* and has accorded his pleadings liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Alley v. Yadkin County Sheriff Dept.*, No. 17-1249, 698 F. App'x 141, 142 (4th Cir. Oct. 5, 2017) (citing *Erickson* for the proposition that "[p]ro se complaints and pleadings, however inartfully pleaded, must be liberally construed and held to less stringent standards than formal pleadings drafted by

3

lawyers"). Under 28 U.S.C. § 2255, a prisoner in custody may seek to vacate, set aside or correct his sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to a collateral attack. *Hill v. United States,* 368 U.S. 424, 426-27 (1962) (citing 28 U.S.C. § 2255). "[A]n error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill*, 368 U.S. at 428).

The scope of a § 2255 collateral attack is far narrower than an appeal, and a "'collateral challenge may not do service for an appeal.'" *Foster v. Chatman,* __ U.S. __, 136 S. Ct. 1737, 1758 (2016) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)). Thus, procedural default will bar consideration under § 2255 of any matters that "could have been but were not pursued on direct appeal, [unless] the movant show cause and actual prejudice resulting from the errors of which he complains." *United States v. Pettiford*, 612 F. 3d 270, 280 (4th Cir. 2010) (citing *United States v. Mikalajunas*, 186 F.3d 490, 492-93 (4th Cir. 1999)).

## ANALYSIS

### I.     Motion to Reduce Sentence

Petitioner has filed a Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(2). (ECF No. 419.)[1]  Under 18 U.S.C. § 3582(c), "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the

---

[1] In response to Petitioner's Motion to Reduce Sentence, the Clerk of this Court notified Petitioner that if the Office of the Federal Public Defender (OFPD) determined that Petitioner qualified to seek a sentence reduction under 18 U.S.C. § 3582(c)(2), the OFPD would file a motion on Petitioner's behalf.  (ECF No. 420.) The OFPD never filed such motion.

Sentencing Commission" may file a motion asking the Court to reduce his sentence. The Court may reduce the defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3582(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Amendment 782 of the United States Sentencing Guidelines, which became effective November 1, 2014, lowered the offense levels for drug offenses under U.S.S.G. § 2D1.1. The Sentencing Commission provided that Amendment 782 would apply retroactively. U.S.S.G. § 1B1.10(d), (e)(1).

However, when a defendant pleads guilty pursuant to a Rule 11(c)(1)(C) plea agreement, his eligibility for relief under § 3582(c) and U.S.S.G. Amendment 782 is contingent upon the role of the defendant's advisory Guidelines range in the agreement. *Freeman v. United States*, 564 U.S. 522, 537-41 (2011) (Sotomayor, J., concurring). As Justice Sotomayor explained, a defendant can demonstrate that his sentence was "based on" a Guidelines range—and thus that he is eligible for § 3582(c) relief—if either of the following exceptions applies: (1) the plea agreement "call[s] for the defendant to be sentenced within a particular Guidelines sentencing range," or (2) the plea agreement "provide[s] for a specific term of imprisonment … but also make[s] clear that the basis for the specified term is a Guidelines sentence range applicable to the offense" of conviction, provided that "the sentencing range is evident from the agreement itself." *Id.* at 538-39 (Sotomayor, J., concurring); *see also United States v. Frazier*, 531 Fed. App'x 308, 309-10 (4th Cir. 2013) (delineating the two exceptions to Justice Sotomayor's general rule that an 11(c)(1)(C) plea is not eligible for § 3582(c)(2) reduction).

In this case, Bell's Plea Agreement provided, "[t]he parties stipulate and agree pursuant

to Federal Rule of Criminal Procedure 11(c)(1)(C) that a sentence within the range of 312-396 months (26-33 years) is the appropriate disposition of this case." (Plea Agreement ¶ 9, ECF No. 200.) This range was not based on a U.S.S.G. § 2D1.1 drug quantity Guidelines range. (*See id.*) Given Bell's criminal history category of IV and offense level of 41, his Guidelines range was 360 months to life. (Sentencing Tr. at 98, ECF No. 98.) At sentencing, this Court did not sentence Bell on the Guidelines range of 360 months to life, but instead "sentence[d] the defendant pursuant to the plea agreement in this case for a range of 312 to 396 months." (*Id.*) Accordingly, the record shows that the advisory Guidelines range for Bell's offense did not form the basis of the stipulated sentence in his Rule 11(c)(1)(C) Plea Agreement. *See Freeman*, 564 U.S. at 539 (Sotomayor, J., concurring); *see also Frazier*, 531 Fed. App'x at 310 (holding that an 11(c)(1)(C) plea agreement was not eligible for reduction when the agreement did "not make clear that the specified term is a Guideline sentencing range applicable to the sentence of conviction").

Moreover, even if Bell's sentencing range was based on the Guidelines range, his base offense level was established pursuant to U.S.S.G. § 2A1.1, not § 2D1.1. As a result, Amendment 782 would not apply to lower his applicable guidelines range. For these reasons, Petitioner is not eligible for 18 U.S.C. § 3582 relief and his Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (ECF No. 419) is denied.

**II.     Motion to Vacate Sentence**

Bell argues that his sentence should be vacated in light of the Supreme Court's decisions in *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). In *Johnson*, the Supreme Court held that the "residual clause" of the Armed

Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), was unconstitutional because it failed to provide sufficient notice of the types of convictions covered under the ACCA. 135 S. Ct. 2551 (2015). In *Dimaya*, the Supreme Court extended *Johnson*'s ruling to find that the residual clause of the crime of violence definition in 18 U.S.C. § 16 was unconstitutionally vague. 138 S. Ct. 1204 (2018). The ruling in *Johnson* was further extended in *Davis v. United States*, 139 S. Ct. 2319 (2019), with the Supreme Court finding the residual clause of 18 U.S.C. § 924(c)(3)(B) unconstitutionally vague.

In this case, Petitioner's conviction was predicated on a drug trafficking crime. (Plea Agreement at 1, ECF No. 200.) As a result, Petitioner's 924(c) conviction in this case is not disturbed by the Supreme Court's holdings in *Johnson*, *Dimaya*, or *Davis* because his conviction was not based on the residual clause language defining a crime of violence. Under 18 U.S.C. 924(c), it is a federal crime to possess or to use or carry a firearm in furtherance of or during and in relation to either a "crime of violence or drug trafficking crime." 18 U.S.C. § 924(c)(1)(A). The definition of a "drug trafficking crime" does not contain the residual clause language that has been found unconstitutionally vague in *Johnson, Dimaya,* and *Davis*. *See* 18 U.S.C. § 924(c)(2) ("the term 'drug trafficking crime' means any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46.").

Courts in this circuit have consistently found that convictions under 924(c) which are based on drug-trafficking crimes are undisturbed by the *Johnson* line of cases. *See United States v. Hare*, 820 F.3d 93, 106 (4th Cir. 2016) (denying challenge based on *Johnson* because conviction was based on drug trafficking crime); *see also United States v. Johnson*, Cr. No. 3:12-

850-CMC, 2018 WL 2063993, at *3 (D.S.C. May 3, 2018) ("The drug trafficking portion of § 924(c)(2) does not contain a residual clause, and states with particularity which charges will serve as underlying crimes for a § 924(c) conviction. Therefore, the Supreme Court's holding in *Dimaya* has no effect on convictions for § 924(c) based on drug trafficking crimes."). Accordingly, Bell's arguments concerning his § 924(c) charge have no merit and his Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 487) is denied.

## CONCLUSION

For the foregoing reasons, Petitioner's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (ECF No. 419) is DENIED and Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 487) is DENIED.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, this Court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies a petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because reasonable jurists would not find Petitioner's claims debatable, a certificate of appealability is DENIED.

A separate Order follows.

Dated:  May 7, 2020

                                                                                                          /s/_____
                                                                      Richard D. Bennett
                                                                      United States District Judge